# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

IN RE:

    In Proceedings Under Chapter 13

    **Paul McCully &**
    **Jennifer McCully**
           **Debtors.**

    CASE NO: 07-10072

    **JUDGE RANDOLPH BAXTER**

08 DEC 19 PM 4:41
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
CLEVELAND OHIO
FILED

## MEMORANDUM OF OPINION AND ORDER

The matter before this Court is the Debtors, Paul and Jennifer McCully's, Motion to Modify Previously Confirmed Chapter 13 Plan ("Motion") pursuant to § 1329(b)(4). In the Motion the Debtors seek to lower their monthly plan payments and to decrease the number of plan payments made. The Trustee opposes this Motion. Core jurisdiction of this matter is acquired under provisions of 28 U.S.C. § 157(b)(2), 28 U.S.C. § 1334, and General Order No. 84 of this district. Upon a duly noticed hearing and an examination of the parties' pleadings, the following factual findings and conclusions of law are herein made:

\*

    The Debtors are husband and wife who, on January 1, 2007, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On January 5, 2007, the Debtors filed their original Chapter 13 plan.. Their confirmation hearing was held on April 19, 2007. At the time of confirmation, both debtors were gainfully employed with a monthly income exceeding that of median level debtors. Consequently, the Debtors' plan was confirmed with a length of sixty (60)

1

months. *See Schedules I and J.* However, during the course of their plan, the Debtor Wife lost her job resulting in a reduction in their monthly income. *See Amended Schedule I and Summary of Schedules.* Although the Debtor Wife currently receives unemployment, their monthly income does not exceed that of median level debtors. With the change in their financial circumstances, the Debtors filed a motion to modify their confirmed plan on September 19, 2008.

**

In their Motion, the Debtors seek to lower their monthly payments from $1,374 to $842 and their dividend to unsecured creditors from 100% to 10%. The Debtors also seek to decrease the life of their plan from sixty (60) months to fifty-two (52) months. The Debtors argue that the sixty (60) month time requirement, applicable at the time of confirmation, is no longer applicable at this time. The Debtors contend that even with a decrease in the number of plan payments, their modified plan would run longer than the minimal required thirty-six (36) months.

The Trustee opposes the Debtors' Motion for several reasons. First, the Trustee contends that the Debtor wife has failed to provide evidence supporting her claim that she receives unemployment benefits. Second, the Trustee argues that lowering the dividend to unsecured creditors to 10% presents a distribution issue in that over 10% has already been disbursed. Furthermore, there has been no explanation given as to how the Debtors would attempt to recoup the funds already disbursed if the dividend is lowered to 10%. Third, the Trustee contends that the Debtors have not provided proof that they are providing all of their income to the plan. Specifically, the Debtor husband has failed to provide his recent pay stubs or provide an amended budget to reflect the loss the Debtor wife's employment. Finally, the Trustee contends

2

that the Debtors failed to provide a legal argument for the reduction in the dividend to unsecured creditors. The Trustee argues that even with a decrease in their monthly payments, the Debtors can still provide a 100% dividend to unsecured creditors and comply with the requirements of § 1322(d).

In the Debtors' response, the Debtors concede that the dividend to unsecured creditors should remain at 64%, but argue that §1329 supports their contention to decrease the amount of plan payments. With 64% already disbursed, the Debtors request that more payments to be made to their unsecured creditors. The Debtors assert that this would reduce the plan length by five months, although the plan would still run longer than the minimal thirty-six (36) months. The Debtors have resolved all of the Trustee's objections except the issue of reducing the number of plan payments. This is the issue set before this court.

***

Whether debtors, who are currently below median income, are bound to their pre-confirmation above median status and relative applicable commitment period during post-confirmation modifications?

****

In pertinent part § 1325(b)(4) states:

> For purposes of this subsection, the "applicable commitment period"--
> **(A)** subject to subparagraph (B), shall be– **(i)** 3 years; or **(ii)** not less than 5 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than– **(I)** in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner; **(II)** in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or **(III)** in the case of a debtor in a household exceeding 4

3

individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $575 per month for each individual in excess of 4; and **(B)** may be less than 3 or 5 years, whichever is applicable under subparagraph (A), but only if the plan provides for payment in full of all allowed unsecured claims over a shorter period.

*11 U.S.C.. § 1325(b)(4).* Section 1329(a)(2) addresses modification of a plan post confirmation. It states in relevant part that "[a]t any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to extend or reduce the time for such payments[.]" *11 U.S.C. § 1329(a)(2).*

Under the Bankruptcy Code, once confirmed, a plan becomes binding, representing a final judgment on the merits. However, previously confirmed plans can be modified, subject to the court's discretion, after consideration of the debtor's changed circumstances. In order for a modified plan to be approved, the court must consider both §§1325(b)(4) and 1329(a)(2).

Prior to the enactment of BAPCPA, case law was divided as to whether pre-confirmation requirements of §1325(b) should apply to post-confirmation modifications under §1329. As revised under BAPCPA, §1325 provides for the calculation of both disposable income and projected disposable income to be paid during an "applicable commitment period" over the life of a Chapter 13 plan. *In re Anderson,* 383 B.R. 699, 703-13 (Bankr.S.D. Ohio 2008). Since BAPCPA's enactment, a majority trend has emerged concluding that §1325(b) is not incorporated into §1329. *See, In re Hill,* 386 B.R. 670 (Bankr.S.D. Ohio, 2008); *In re Ewers.* 366 B.R. 139 (Bankr.D.Nev., 2007); *In re Howell,* WL 4124476 (Bankr.W.D.La., 2007). The premise for this holding has been three-fold. The emerging majority opinion recognizes that the incorporation of §1325 into §1329: 1) is inconsistent with congressional intent; 2) is

4

inconsistent with legislative history; and 3) would render §1329 superfluous and meaningless.

When construing §1329, courts have looked to the plain meaning of the language and determined that §1329 lacks a reference to §1325(b). *Hill*, 386 B.R. 670, 675 (Bankr.S.D. Ohio, 2008). Specifically, § 1329(b)(1) states that "[s]ections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section." *11 U.S.C. §1329(b)(1).* Some courts have concluded that Congress intended to leave §1325(b) out, which is evidenced by the specific reference of §1325(a) within the text. As stated in a post-BAPCPA decision, "[s]ection 1329 expressly applies certain specific Code sections to plan modifications but does *not* apply § 1325(b). Period." *In re Sunahara,* 326 B.R. 768, 781 (9th Cir.BAP 2005), *quoted by Ewers,* 366 B.R. 139, 142 (Bankr.D.Nev.2007) (emphasis in original); *Hill,* 386 B.R. 670, 676 (Bkrtcy.S.D.Ohio,2008). Therefore, to force the incorporation where one does not exist would be inconsistent with congressional intent.

The incorporation of §1325 into §1329 would also hinder the debtor from making necessary modifications and thus, could not effectively carry out the purpose of §1329. The legislative history suggests that the purpose of § 1329 is to " [allow] upward or downward adjustment of plan payments in response to changes in the debtor's financial circumstances which affect his/her ability to make payments." *Id.* (citations omitted); *In re Fields,* 269 B.R. 177, 180 (Bkrtcy.S.D.Ohio,2001). Although plan modifications are subject to the court's discretion, undue limitations greatly affect the debtor's ability to carry out a feasible plan. These limitations makes upward or downward adjustments to the plan harder to obtain and would bind the debtor to a plan he or she could no longer afford. Ultimately, such could jeopardize the

5

debtor's opportunity to obtain bankruptcy relief.

The Court in *In re Ewers* persuasively examined the interplay between these two sections. 366 B.R. 139 (Bankr.D.Nev., 2007). As in the case at bar, the debtors in *Ewers* sought to modify their confirmed plan from five years to three years due to a decrease in their monthly income. The trustee argued that the "applicable commitment period" set forth in §1329 required the debtors to either pay their unsecured debt in full, or provide for a sixty (60) month repayment plan. In its holding, the court found the trustee's contentions to be unpersuasive. The court noted that, because §1325 was not incorporated into §1329, the life of the modified plan was not restricted to the applicable commitment period established pre-confirmation. *Id.* Furthermore, shortening the life of the plan was expressly permissible under the Code. *Id.; See 11 U.S.C. §1329.* Ultimately, the court held that the number of plan payments proposed in their post-confirmation plan was permissible as long as the requirements of §1329(b) were met, including the "good faith" requirement under §1325(a). *Id.*

In the case at bar, the Debtors are seeking to lower the number of plan payments due to the decrease in their monthly income. The Debtor wife lost her employment reducing the Debtors' disposable monthly income by approximately $400. As a result of the decrease, the Debtors are now below median income level, which reduces the applicable commitment period from five years to three years. *See Schedules I and J.* In their motion to modify, the Debtors' propose a 64% dividend to unsecured creditors and a monthly plan payment of $842, which designates all disposable income to a fifty-two (52) month plan (twelve months longer than the minimal requirement). Since Debtors are not bound to the applicable commitment period established pre-confirmation, their post-confirmation plan at fifty-two months is permissible,

6

despite only a 64% dividend, as long as the requirements of §1329(b) are met.

The Debtors have proposed a feasible plan that meets the requirements of §1329 in good faith. Accordingly, the Debtors' Motion is well-premised and is hereby granted. The Trustee's objection is hereby overruled. Each party is to bear its respective costs.

**IT IS SO ORDERED.**

Dated, this ___19th___ day of
December, 2008

**JUDGE RANDOLPH BAXTER**
**UNITED STATES BANKRUPTCY COURT**

7